675 So.2d 1203 (1996)
John T. BYNUM, Jr.
v.
GOOD NEWS CONSTRUCTION.
No. 96-CA-41.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1996.
*1204 Louis H. Schultz, Metairie, for Plaintiff-Appellee.
Richard S. Vale, Metairie, for Defendant-Appellant.
Before DUFRESNE, GOTHARD and DALEY, JJ.
DUFRESNE, Judge.
This is an appeal by Good News Construction and its workers' compensation insurer from an award of benefits, penalties and attorney fees to a former employee, John T. Bynum, Jr. For the following reasons we set aside the award of penalties and attorney fees, but in all other respects affirm the judgment.
On February 25, 1993, Bynum was injured in a rear-end collision during the course and scope of his employment. He returned to work the next day and continued working until March 12, when he began experiencing disabling pain. He first went to a hospital emergency room where various diagnostic tests were done. On March 26, he saw Dr. Russo, an orthopedist, who began treating him for pains in the neck and shoulder which were diagnosed as "cervical strain." In early May, Dr. Russo referred him to Dr. Gorbitz, a neurosurgeon, who diagnosed the problem as a mild disc herniation at the C5-6 level. Both of these physicians thought that Bynum could return to at least light duty by mid-May.
Apparently because of continuing pain, Bynum next saw Dr. Jarrott, also a neurosurgeon, on June 8, 1993. This doctor reported Bynum's complaints as stiffness in the neck, right shoulder pain, headaches, bad vision, lower back pain, ringing in the ears and tingling in the fingers. His diagnosis at that time was "spondylosis C5-6 cervical disc rupture of a chronic type." He recommended continuing outpatient therapy with cervical traction, and by July was of the opinion that the problems would probably be resolved in another three months. On October 11, 1993, Dr. Jarrott concluded that Bynum had reached maximum medical recovery and released him for work. This was also communicated to the claims adjuster handling the case. It appears that Bynum's former job *1205 had been filled, but that he had not sought other employment by October 28. Based on these circumstances, benefits were terminated as of October 28.
In January, 1994, Bynum returned to Dr. Jarrott still complaining of pain in the neck and lower back. An MRI was done which showed an additional disc herniation at the L5-S1 level as well as a problem at the L4-5 level. A myelogram was recommended to clarify these difficulties, but Bynum has declined to undergo this procedure. All of the doctors agree that none of these problems require surgery, but instead should be treated conservatively at this time.
Because of these continuing problems, Bynum sought restoration of his compensation benefits from his employer, but to no avail. On March 2, 1994, he filed this disputed claim.
During the course of litigation, the employer filed an unopposed motion for appointment of an independent medical examiner, and Dr. Whitecloud was named. His examination of Bynum in January of 1995, disclosed the same problems diagnosed by the previous physicians, namely ruptured and protruding discs in the neck and lower back. While this doctor was unable to state whether the lower back problems were related to the original injury, he did say that in his opinion Bynum was disabled because of the totality of the neck and back problems. His conclusions as to disability was as follows:
I felt his prognosis for returning to gainful employment, or certainly doing the type of work he was doing previously, was not likely. I felt he had a chronic cervical sprain with degenerative discs disease of the lumbar spine.
He also noted that Bynum was depressed. His recommendations for the claimant were psychological counseling along with some form of vocational rehabilitation, all of which might lead to recovery of Bynum's ability to return to the work force.
Because of these recommendations, Bynum was examined by Dr. Roniger, a psychiatrist. This physician found no psychiatric illness, but did note that in his opinion the claimant had never been told of the exact nature of his condition, his treatment options, and the ultimate prognosis. He strongly recommended that these things be done.
Based on the above evidence, as well as Bynum's testimony about the injury and his subsequent symptoms, the Hearings Officer found that he remained temporarily totally disabled for work. She further determined that the employer had been arbitrary and capricious in terminating benefits in October of 1993, and awarded penalties and attorney fees. The employer and its insurer now appeal.
The appellants urge that the Hearing Officer erred in 1) awarding temporary total disability benefits, 2) ordering payment of Dr. Jarrott's bills, and 3) awarding penalties and attorney fees on the facts of this case.
It is now well established that the standard of appellate factual review in worker compensation cases is the same as for other civil cases, i.e. whether the findings made by the trier of fact are manifestly erroneous. Moreover, this same standard is used whether the burden of proof is by a preponderance of the evidence, or by the more exacting one of clear and convincing evidence, applicable here under La.R.S. 23:1221, Lannes v. Jefferson Door Co., 94-1 (La.App. 5th Cir. 5/11/94), 638 So.2d 250.
Appellants first urges that the Hearing Officer fell into manifest error in finding that a work related accident rendered claimant temporarily totally disabled. This assertion actually involves two factual issues. The first proposition advanced in this argument is that it was not shown by a preponderance of the evidence that the disabling injury was work related. Appellants correctly point out that none of the physicians involved could say with any conviction that claimant's back was indeed injured in the collision. Dr. Jarrott further admitted that had such an injury occurred he would have expected the claimant to have reported much more severe back pain than he did during the pre-October 1993 treatments. While admittedly the evidence on this point favorable to Bynum is scant, that does not resolve the whole question. Dr. Whitecloud, the independent medical examiner, testified that in his opinion *1206 Bynum was disabled because of the combination the neck injury and the back condition. Thus, even were it assumed that the back problems were due to the normal aging process, without the addition of the work related injury to the neck the disability would probably not have occurred. We also point out that the Hearings Officer found Bynum credible and noted that he had no neck or back pains before the accident nor was he shown to be a malingerer. Considering all of the evidence on this point, there is certainly a reasonable basis to support the trier of fact's conclusion that the disability was due to a work related accident.
The second issue raised in this assignment is whether it was manifest error to conclude that the evidence supporting a finding of temporary total disability was clear and convincing. Again, we point out that the independent medical examiner testified that in his opinion the combination of the neck and back problems rendered Bynum unfit for work. During this testimony he stated:
No, I didn't say light duty work. I said after his evaluation by psychological testing, perhaps counseling, followed by active physical therapy, I felt he probably wouldn't go back to heavy manual labor, but perhaps vocational retraining would be of benefit. So I didn't say he could return to light work.
This testimony is direct and precise as to Bynum's condition and we find no manifest error in the conclusion drawn from it that claimant is indeed temporarily totally disabled.
The second issue raised by appellants is whether they should be compelled to pay for services rendered by Dr. Jarrott. They argue that La.R.S. 23:1121 allows a claimant a choice of only one physician in any field of specialization, after which he bears the expense of treatment by yet another doctor. They further argue that La.R.S. 23:1142, provides that the claimant must seek authorization from the employer to consult additional physicians for services over $750.00, and that the physician is required to ascertain whether such authorization has been obtained in order to collect his fee from the employer. Our review of the record does not disclose any objection on the employer's part to Dr. Jarrott's treatments up to October, 1993, and indeed it relied in substantial part on that physician's opinion in terminating benefits in that same month. We also note that because Bynum's weekly benefits had been terminated, he could hardly have been expected to seek permission for further treatments from his employer, even though they remained liable for further necessary treatments related to the accident. Of course, appellants argue that the post-October treatments were not for the work related neck injury, but for the allegedly unrelated back injury. Again, this argument relies on a selective reading of the evidence. Dr. Jarrott stated that when Bynum returned to him in January of 1994, he was still complaining of pain in his neck, an undisputed compensable injury. In these circumstances, we see no error in the Hearing Officer ordering payment of this doctor's bills.
The final issue concerns the award of penalties and attorney fees. Pursuant to La.R.S. 23:1201.2, an employer is liable for penalties and attorney fees only where its denial or discontinuance of benefits is found to be arbitrary and capricious. In Tassin v. New Orleans Delivery Service, 550 So.2d 1214 (La.App. 5 Cir.1989) this court noted that application of the statute depends upon the facts known to the employer at the time its decision as to benefits was made. Here, Drs. Russo and Gorbitz, the first two treating physicians, had released claimant for at least light duty by April, 1993. Dr. Jarrott released him for full duty on October 11, 1993. In these circumstances it can hardly be said that the employer acted arbitrarily and capriciously in terminating benefits based on the reports of all three treating physicians. We therefore must conclude that the Hearing Officer fell into manifest error in finding otherwise. The award for penalties and attorney fees are thus set aside.
AMENDED AND AFFIRMED AS AMENDED.
GOTHARD, J., dissents in part.
*1207 GOTHARD, Judge, dissenting in part.
I respectfully dissent from that portion of the majority opinion which affirms the award of temporary total disability benefits to claimant. To qualify for temporary total disability benefits, an employee must prove by "clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment...." La.R.S. 23:1221(1)(c). Based on the evidence in the record, I think the trial court erred in concluding that claimant had carried his burden of proving, by clear and convincing evidence, that he is incapable of engaging in any employment.
Initially, it should be noted that the record reveals that not only is claimant capable of working, but that he has in fact been self-employed during the time of his supposed disability. For instance, claimant testified that following his work-related injury he earned approximately $100 a week by repairing small appliances and selling them at flea markets. This testimony alone should negate claimant's bid for temporary total disability benefits, as the statute clearly requires that the employee must be "physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment...." La.R.S. 23:1221(1)(c) (emphasis added).
Moreover, claimant testified that he is physically capable of working as a bank teller or as an insurance underwriter, two positions which he has previously held. This testimony is supported by the medical evidence in that Doctors Russo, Gorbitz, and Jarrott all released claimant to return to light duty work. Inasmuch as claimant testified that he is physically capable of working, and this testimony is supported by the opinions of three of the four physicians who examined him, I do not see how it can be said that claimant proved by clear and convincing evidence that he is physically incapable of working.
In short, the record does not contain a preponderance of evidence, much less clear and convincing evidence, that claimant is physically unable to engage in any employment or self-employment. Thus, claimant failed to carry his burden of proof pursuant to La.R.S. 23:1221. Accordingly, I must dissent from that part of the court's opinion which affirms the award of temporary total disability benefits to claimant.