694 So.2d 423 (1997)
Mark CARVER
v.
U.S. COPY, INC. and Louisiana Construction & Industry Self Insurers Fund.
No. 96-CA-611.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 1997.
Steven C. Judice, Keogh, Cox & Wilson, Ltd., Baton Rouge, for defendants-appellees.
Leo J. Palazzo, Palazzo Law Firm, New Orleans, for plaintiff-appellant.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GAUDIN, Judge.
Mark Carver was denied workers' compensation payments because the trial judge, citing LSA-R.S. 23:1208, said that Carver had wilfully made false statements in order to receive benefits. We reverse. The record indicates that misrepresentations by Carver were inconsequential and were not made for the purpose of obtaining compensation benefits.
Carver was seriously injured during the course and scope of his employment on September 16, 1993. He suffered a herniated disc at the L-5 level and a bulging disc at L-4. Carver underwent a disectomy and has been recommended for a multilevel spinal fusion.
R.S. 23:1208 states that rights to compensation can be denied by the hearing officer when and if a claimant "... wilfully makes a false statement ..." to obtain benefits. Carver is accused of (1) denying that he had received compensation payments for a previous back injury and (2) saying that he had no criminal arrest record.
At trial of this case on February 16, 1996, it was revealed that on July 23, 1990, Carver "jolted his back," for which medication was prescribed. A month later, he had returned to work with no impairment.
In depositions, Carver denied the prior back injury and the fact that he was paid workers' compensation benefits for two weeks for what was described as a low back muscle pull.
During the course of Carver's treatment for the current back injury, he was referred by his treating neurosurgeon to a clinical psychologist, Dr. Thomas Hannie. In response to questions asked by Dr. Hannie, Carver denied any arrests when in fact he had been arrested for possession of marijuana, a charge later refused by the Jefferson Parish District Attorney.
Carver tried to explain why he had not told the complete truth about the 1990 low back muscle pull and the marijuana arrest. He said he was told by his 1990 employer not to make a compensation claim and, further, he thought he was paid his salary and not a *424 compensation benefit during this brief period of disability. He said he denied the marijuana arrest because "I don't believe in telling everybody my down faults."
In any event, although Carver prevaricated, neither of these prior incidents was even remotely connected to the significant back injury Carver suffered in September, 1993. When Carver misrepresented his past, he did not do so to obtain compensation benefits because he had undoubtedly sustained an acute back injury for which he was receiving benefits including medical treatment. He was and is entitled to the benefits he was receiving when deposed and when he was questioned by Dr. Hannie.
In R.S. 23:1208 and also in Resweber v. Haroil Const. Co., 660 So.2d 7 (La.1995), the compelling Louisiana Supreme Court opinion dealing with this statute, the three requirements for forfeiture are that (1) there is a false statement, (2) it is wilfully made and (3) it is made for the purpose of obtaining or defeating any benefit or payment. See Resweber at page 12. Carver here violates the first and second requirements but not the third. All three requirements must be present before a claimant can be penalized.
We set aside the February 16, 1996 judgment disqualifying Carver from benefits and we remand to the workers' compensation court for further proceedings.
REVERSED AND REMANDED.