700 So.2d 1111 (1997)
J.E. MERIT CONSTRUCTORS, INC. and ESIS, Inc.
v.
Larry BUTLER.
No. 97-CA-361.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 1997.
*1112 Kirk L. Landry, Baton Rouge, for Plaintiffs-Appellants.
Jim S. Hall, Metairie, for Defendant-Appellee.
Before BOWES, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
In this workers' compensation case, the employer, J.E. Merit Constructors, Inc., and its third party administrator (insurer), ESIS, Inc., have appealed from a judgment rendered in favor of the employee, Larry Butler.
In September of 1994, appellee, Larry Butler, injured his back in the course and scope of his employment with J.E. Merit Constructors, Inc., while performing heavy manual labor. Specifically, when Mr. Butler lifted some equipment, the individual who was assisting picked up the other end swiftly, causing all the weight to shift to Mr. Butler. As a result of this incident, Mr. Butler suffered a serious lower back injury which required medical treatment and eventually surgery.
The employer, through its insurer, ESIS, Inc., voluntarily paid workers' compensation benefits to Mr. Butler, consisting of weekly compensation as well as medical payments. However, in February of 1996, J.E. Merit Constructors, Inc., and its insurer instituted proceedings seeking a finding that Mr. Butler had violated the provisions of LSA-R.S. 23:1208 by making false statements in order to obtain workers' compensation benefits and therefore had forfeited his right to such benefits. The matter came for hearing before Judge Vandenweghe, a hearing officer with the Office of Workers' Compensation, on January 8, 1997. After considering the law and evidence presented, the hearing officer, on January 29, 1997, rendered judgment in favor of the employee, Larry Butler, finding that he did not violate the provisions of LSA-R.S. 23:1208, and therefore was entitled to compensation benefits. She further ordered that the employer, J.E. Merit Constructors, and its insurer, ESIS, pay all costs and expenses incurred by the employee in defending this claim, including but not limited to the sum of two thousand dollars ($2,000.00) in attorney fees. From this judgment, J.E. Merit Constructors and ESIS now appeal. For the following reasons, we set aside the award of attorney fees, but in all other respects affirm the judgment of the hearing officer.
We will first address the correctness of the hearing officer's factual findings. The appellants acknowledge that the factual determinations of the hearing officer will not likely be reversed on appeal, but nonetheless argue that she committed legal error in finding that Mr. Butler was entitled to compensation benefits. We find no error in the hearing officer's determination.
*1113 The sole issue presented to the hearing officer was whether the employee violated LSA-R.S. 23:1208 by failing to report a prior automobile accident resulting in a neck and back injury to the adjuster and to some of the treating physicians thereby forfeiting his right to compensation benefits. LSA-R.S. 23:1208 A provides that "[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." Paragraph E of this statute thereafter provides that "[a]ny employee violating this Section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this Chapter."
LSA-R.S. 23:1208 applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers' compensation benefits and therefore generally becomes applicable at the time of an employee's accident or claim. This broadly worded statute encompasses false statements or misrepresentations made to anyone, including the employer, physicians or insurers, when made willfully or deliberately for the purpose of obtaining benefits. Resweber v. Haroil Const. Co., 94-2708 (La.9/5/95), 660 So.2d 7. In order to forfeit benefits, LSA-R.S. 23:1208 requires that 1) there is a false statement or representation, 2) it is willfully made, and 3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., supra; Sumner v. Lake Charles Marine, 96-280 (La. App. 3 Cir. 6/5/96), 676 So.2d 653, writ denied, 96-1772 (La.10/11/96), 680 So.2d 645.
In the present case, prior to making her determination, the hearing officer considered the testimony of the employee as well as the claims adjuster who handled the case. In addition, she had access to all pertinent medical records. At the hearing, Frank Moreau, the claims adjuster, testified that in connection with his preliminary handling of the claim, he took a recorded statement from Mr. Butler at which time he denied that he had any prior back problems or injuries. However, through further investigation, Mr. Moreau learned that Mr. Butler had been involved in an automobile accident which may have resulted in back injury.
When Mr. Butler subsequently testified, he readily admitted that he was involved in an automobile accident in October of 1992, resulting in minor injury to his neck and back. As a result of that 1992 accident, Mr. Butler received minimal treatment which consisted of heat and massage therapy. Mr. Butler was discharged from the doctor's care in January of 1995 and received approximately $750.00 in settlement from this accident. According to Mr. Butler, he never stopped working because of the injuries received in the automobile accident, and in fact, continued to perform heavy manual labor. Mr. Butler further testified that he did not relate this prior accident to Mr. Moreau or Dr. Steiner because he thought that they were only inquiring about serious back problems. Mr. Butler readily told Dr. Fleming about his prior problems because Dr. Fleming asked him more detailed questions.
Considering the testimony and evidence presented, the hearing officer did not find that Mr. Butler's statements were willful false statements made to unlawfully obtain workers' compensation benefits, and accordingly, she concluded that he did not forfeit his right to benefits pursuant to LSA-R.S. 23:1208. In a worker's compensation case, as in other cases, we are bound by the manifest error rule and we may not set aside the factual findings of the hearing officer absent a finding by this court that they are clearly wrong or manifestly erroneous. Rivera v. West Jefferson Medical Center, 96-152 (La. App. 5 Cir. 7/30/96), 678 So.2d 602. We find no manifest error in the determination by the hearing officer that Mr. Butler did not violate the provisions of LSA-R.S. 23:1208 and therefore was entitled to his compensation benefits.
In this appeal, the appellants also argue that the hearing officer committed legal error in ordering them, as employer and insurer, to pay two thousand dollars ($2,000.00) in attorney fees. We find that this argument has merit.
*1114 LSA-R.S. 23:1201.2 allows for the imposition of reasonable attorney fees incurred in the prosecution and collection of a worker's compensation claim when the employer arbitrarily, capriciously and without probable cause fails to pay a claim or discontinues payment of claims due and arising under the chapter. Whether the employer's act is arbitrary, capricious or without probable cause depends upon the facts existing and known to the employer at the time its decision as to benefits was made. Bynum v. Good News Const., 96-41 (La.App. 5 Cir. 5/28/96), 675 So.2d 1203, writ denied, 96-1693 (La.10/4/96), 679 So.2d 1388. Statutes imposing liability for penalties and attorney fees are penal in nature and must be strictly construed to prevent an employer from being penalized for relying in good faith on valid defenses. Gagnard v. Venture Marketing Corp., 93-1655 (La.App. 3 Cir. 10/5/94), 643 So.2d 460.
In awarding the attorney fees, the hearing officer found that the "employer easily could have discerned the facts of the employee's entitlement as well as his lack of wilful or even artful misrepresentation and by failing to do so subjected the employee to needless litigation costs and expenses." We find that the hearing officer erred in ordering the appellants to pay attorney fees. It cannot be said that the employer arbitrarily, capriciously and without probable cause failed to pay or discontinued payment of a claim. The employer, through its insurer, has voluntarily paid and continues to pay compensation benefits to Mr. Butler. Accordingly, we reverse that part of the judgment ordering J.E. Merit Constructors, Inc., and ESIS, Inc., to pay attorney fees in the amount of two thousand dollars ($2,000.00).
AMENDED AND AFFIRMED AS AMENDED.