JiLANDRIEU, Judge.
In this case, we must determine whether the workers’ compensation judge manifestly erred in dismissing with prejudice the appellant’s claim for workers’ compensation benefits under La.Rev.Stat. 23:1208. We find that the judge did err and reverse the ruling of March 4,1997.
In July of 1996, Peter Chenault filed a claim for workers’ compensation benefits against Storehouse Furniture in New Orleans for an employment-related accident which occurred on October 28, 1995. Che-nault was initially treated by Dr. Michael Brunet at Tulane University. At some point, in February or March of 1996, Chenault returned to work for Storehouse in Dallas, Texas. Storehouse agreed that Chenault would continue to undergo medical treatment in New Orleans. Accordingly, Chenault traveled to New Orleans at various times for treatment.
On January 15, 1997, shortly before the date set for trial on the claim, counsel for Chenault filed a request for Chenault’s travel expenses between Chenault’s residence in Fort Worth, Texas, and his doctors’ offices in the New Orleans area. On January 28,1997, Storehouse, along with its insurer, Kemper ^Insurance, filed a motion to dismiss the litigation asserting that Chenault had intentionally made misrepresentations to obtain workers’ compensation benefits. Three days later, Chenault’s counsel withdrew the request for reimbursement, citing clerical errors by his staff. A hearing was held on February 24, 1997, to consider the motion to dismiss. On March 4, 1997, the workers’ compensation judge issued an order of dismissal upon her finding that Chenault had *1061 ■willfully made false statements to gain workers’ compensation benefits.-
In its motion to dismiss, Storehouse alleged that Chenault had requested mileage reimbursement for travel which had not taken place and that the actual distance between Fort Worth and New Orleans was substantially less than claimed. Storehouse submitted distance estimates, from the American Automobile Association (AAA) and another source. At the hearing on the motion to dismiss, Storehouse argued that the mileage claimed by Chenault, ranging from 600 to 630 miles, was false and thab the true mileage was 500 to 525 miles.
Chenault’s counsel submitted an affidavit executed by his paralegal, Deborah Brown, explaining that the discrepancy in the number of trips taken was simply an error on her part and that she had incorrectly assumed that Chenault had made a separate trip to New Orleans each time he visited the treating physician. • Counsel argued at the hearing that the mileage submitted by Chenault was based on the actual distance from Che-nault’s home in Fort Worth to the doctors’ offices in New Orleans or Metairie. Counsel pointed out that the eity-to-city mileage estimates from the charts submitted by Storehouse did not account for the starting point at Chenault’s residence or the ending point at the doctors’ offices.
The workers’ compensation judge found that Chenault’s counsel did not wilfully make misrepresentations; however, she did find that Chenault had done so. Presumably, she found that the mileage figures provided by Chenault to his Rcounsel were false, when compared to the estimates taken from the charts submitted by Storehouse.
La.Rev.Stat. 23:1208 proscribes misrepresentations concerning benefit payments and provides for criminal and civil penalties. At the time of the request for reimbursement,[1] the statute provided in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* , * # * * *
E. Any employee violating this Section shall, upon determination by [the workers’ compensation judge], forfeit any right to compensation benefits under this Chapter.
The Louisiana Supreme Court has held that the requirements for disqualification under La.Rev.Stat. 23:1208 are: (1) a false statement or representation, (2) which is willfully made, and (3) which is made for the purpose of obtaining workers’ compensation benefits. Resweber v. Haroil Const. Co., 94-2708, 94-3138, p. 11 (La.9/5/95), 660 So.2d 7, 14.
After reviewing the evidence submitted at thé hearing, we conclude the workers’ compensation judge manifestly erred in finding that Chenault made false statements or representations regarding the distance he trav-elled from Fort Worth to New Orleans. Storehouse introduced a mileage chart from AAA showing a distance of 524 miles between Fort Worth and New Orleans. While this evidence tends to show that Chenault’s claim of 600 to 630 miles might be on the high side, the chart does not account either for the exact start and end points of Che-nault’s trips or the actual route taken by Chenault. Furthermore, the chart does not | .¿identify the reference points used. Presumably, the mileage estimate is from city limit to city limit. Given the expanse of the Dallas-Fort Worth area, not to mention the distance from the western boundary of Me-tairie to the eastern boundary of New Orleans, it is plausible, if not certain, that the actual mileage traveled would be greater than the mileage estimate given in the AAA chart. Storehouse’s evidence, therefore, was insufficient to support its allegation that Che-nault made false statements regarding the distances he actually traveled. Accordingly, the finding of the workers’ compensation judge, that Chenault had willfully made false statements to obtain workers’ compensation *1062 benefits, was without reasonable basis in the record.
We further question whether the alleged misrepresentation in this case justifies forfeiture of workers’ compensation .benefits under Section 1208. When a claimant in Resweber argued that the statute lacked a prejudice requirement, was too broad, and would result in the forfeiture of benefits for any false statement, regardless of how inconsequential, the Court responded:
This argument fails to recognize that the statute does not require the forfeiture of benefits for any false statement, but rather only false statements that are willfully made for the purpose of obtaining benefits. It is evident that the relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. A false statement which is inconsequential to the claim may indicate that the statement was not willfully made for the purpose of obtaining benefits. Clearly, an inadvertent and inconsequential false statement would not result in the forfeiture of benefits.
Resweber, pp. 15-16, 660 So.2d at 16 (emphasis in original).
At most, Chenault’s alleged misrepresentation may be considered as an attempt to obtain a reimbursement for expenses to which he was not entitled. The statement does not purport to further his claim for disability benefits under the workers’ compensation law.
| gin Resweber, for example, Resweber alleged an on-the-job injury and was diagnosed with herniated discs at L4-5 and L5-6. When interviewed by a workers’ compensation administrator, and asked specifically about pri- or sports-related injuries, Resweber denied ever having any back injury other than a pulled muscle. In his medical history, Re-sweber also denied prior serious back pain. However, Resweber had in fact been treated on at least two occasions for serious back pain as the result of his weight-lifting activity. One doctor even tentatively diagnosed Resweber with a herniated disc at L4-5. The Supreme Court agreed with the workers’ compensation judge that Resweber had willfully made false statements in an attempt to obtain workers’ compensation benefits.
In Trapani v. Domino Sugars, 95-2529 (La.App. 4 Cir. 6/5/96), 675 So.2d 1211, Tra-pani alleged that she had been injured while attempting to open an elevator door manually. Although she had no objective symptoms, she was diagnosed with various conditions on the basis of her subjective complaints and reactions during physical examinations. At the trial of her claim for workers’ compensation benefits, she testified that her condition prevented her from doing housework or yard work or doing anything which in any way involved movement of her arm. An investigator for the employer, however, testified that he had witnessed Trapani doing yard work for an hour using a metal rake to break apart hard dirt, cutting grass, and moving lawn furniture. He produced a videotape depicting Trapani doing these activities. Although Trapani asserted that the woman in the video was her sister, the investigator testified that he had walked within ten feet of Trapani before videotaping her.
The workers’ compensation judge found that Trapani had attempted to deceive the court, but she ultimately concluded that disability benefits were owed for the time period prior to the date Trapani was videotaped. After holding that the judge’s finding of deception was not manifestly erroneous, we concluded that | (¡Trapani was not entitled to any benefits under Section 1208, because she had made false statements for the purpose of obtaining workers’ compensation benefits.
In Carver v. U.S. Copy, Inc., 96-611 (La. App. 5 Cir. 3/25/97), 694 So.2d 423, writ denied, 97-1507 (La.9/26/97), 701 So.2d 986, Carver falsely denied a prior back injury and the fact that he had been paid workers’ compensation benefits for two weeks following the prior injury. He also falsely denied having been previously arrested. At trial, Carver explained that his previous employer told him not to apply for benefits and that he thought he had received his salary rather than compensation benefits. As to the prior arrest for possession of marijuana, Carver stated that he did not believe in telling every *1063 body his faults. The workers’ compensation judge disqualified Carver from benefits. In reversing that ruling, the Fifth Circuit reasoned that neither of Carver’s prevarications was even remotely connected to the significant back injury which formed the basis of his claim for benefits. The court concluded that Carver had not misrepresented his past with the purpose of obtaining compensation benefits.
In Resweber and Trapani, then, the workers made false statements to further their claims that they had suffered a work-related injury and that they had been disabled as the result of the injury. In Carver, the worker’s misrepresentations were not related to his ultimate claim for workers’ compensation benefits. Likewise in the instant case, the alleged misrepresentation was immaterial to Chenault’s pending claim that he had suffered a disabling injury while employed by Storehouse.
For these reasons, we reverse the ruling of the workers’ compensation judge dismissing Chenault’s claim for workers’ compensation benefits and remand the matter to the lower court for further proceedings.

REVERSED AND REMANDED.

. The date the false statement or misrepresentation was made determines which version of La. Rev.Stat. 23:1208 applies. Resweber v. Haroil Const. Co., 94-2708, 94-3138, p. 3, n. 1 (La.9/5/95), 660 So.2d 7, 10.