714 So.2d 44 (1998)
Tonya HARRIS, Plaintiff-Appellee,
v.
BANCROFT BAG, INC., Defendant-Appellant.
No. 30431-WCA.
Court of Appeal of Louisiana, Second Circuit.
April 9, 1998.
*45 Crawford & Anzelmo by Kevin Fredericks, Monroe, for Appellant.
Albert Block, Monroe, for Appellee.
Before HIGHTOWER, WILLIAMS and CARAWAY, JJ.
WILLIAMS, Judge.
The defendant, Bancroft Bag, Inc. ("Bancroft"), appeals an adverse judgment from the Office of Workers' Compensation ("OWC") awarding the claimant, Tonya Harris, workers' compensation benefits and medical expenses. Claimant appeals the denial of her request for statutory penalties and attorney fees. For the following reasons, we affirm.

*46 FACTS
On August 11, 1995, while in the course and scope of her employment with Bancroft, claimant was injured when she struck her knees against an extended file drawer while attempting to stand up from her desk. Claimant reported the injury to Mike Hester, defendant's safety supervisor, and went to North Monroe Hospital for medical treatment. On August 16, 1995, claimant was treated at Glenwood Hospital and was referred to Dr. Frank X. Cline of the Orthopaedic Clinic of Monroe for further treatment. On August 28, 1995, claimant was treated by Dr. Scott McClelland and Dr. David Barnes, both of North Monroe Hospital. Dr. McClelland concluded that claimant suffered a probable contusion to the subchondral and patellar cartilage.
F.A. Richards and Associates, defendant's Third Party Administrator, conducted a standard investigation of the claim. Debbie Boysen-Jinks, an adjuster and investigator for F.A. Richards, was assigned to investigate Harris' claim. As part of the investigation, claimant was questioned regarding her general health, mental status and prior knee injuries. Claimant informed Boysen-Jinks that she had suffered post-traumatic stress syndrome that was related to a "personal matter that she would rather not discuss," and that she was not aware of any prior knee injuries. Claimant also informed Boysen-Jinks that she suffers from epilepsy and that she takes Paxil and Lithium for depression.
Based on claimant's medical records and the investigation conducted by Boysen-Jinks, defendant denied the claim for workers' compensation benefits. Claimant filed a Disputed Claim Form 1008, asserting claims for temporary total disability benefits and medical expenses for the period of August 11, 1995 through November 2, 1995, the date that claimant's physician released her to return to work.
After a hearing, the workers' compensation judge awarded workers' compensation benefits to claimant for the period of August 30, 1995 through November 2, 1995, and denied claimant's request for penalties and attorney fees. The judgment recognized defendant's entitlement to a credit for unemployment benefits paid to plaintiff during the period of August 30, 1995 through November 2, 1995. Defendant was ordered to pay all of claimant's medical expenses related to the August 11, 1995 accident. Defendant appeals the award of workers' compensation benefits and medical expenses. Claimant appeals the denial of her claim for penalties and attorney fees.

DISCUSSION
Defendant contends that the workers' compensation judge erred by awarding workers' compensation benefits to the claimant. Defendant argues that claimant violated LSA-R.S. 23:1208 in that she willfully made false statements for the purpose of obtaining workers' compensation benefits, and thus, had forfeited her right to compensation benefits. LSA-R.S. 23:1208 provides in pertinent part that:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
E. Any employee violating this Section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this chapter.
LSA-R.S. 23:1208 applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers' compensation benefits and therefore, generally becomes applicable at the time of an employee's accident or claim. Resweber v. Haroil Const. Co., 94-2708 (La.9/5/95), 660 So.2d 7. This statute encompasses false statements or misrepresentations made to anyone, including the employer, physicians or insurers, when made willfully or deliberately for the purpose of obtaining benefits. J.E. Merit Constructors, Inc. v. Butler, 97-361 (La. App. 5th Cir. 9/30/97), 700 So.2d 1111.
Under the statute, the requirements for forfeiture of benefits are that: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the *47 purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., supra; J.E. Merit Constructors, Inc. v. Butler, supra. All three requirements must be present before a claimant can be penalized. Carver v. U.S. Copy, Inc., 96-611 (La.App. 5th Cir. 3/25/97), 694 So.2d 423 694 So.2d 423.
In the instant case, the record discloses that defendant acquired medical records through discovery, which revealed that claimant had been treated for knee injuries prior to the August 11, 1995 injury. The medical records, dated October 18, 1993, February 24, 1994 and August 8, 1994, indicate that claimant was admitted into the emergency room of North Monroe Hospital complaining of leg pain. Defendant contends that these medical records contradict the claimant's denial of prior knee and leg injuries. Defendant relies on the hospital's pre-examination questionnaire completed at the time of the injury in question, on which claimant responded "no" to the question regarding prior knee and leg injuries. Defendant also relies on the investigation conducted by Boysen-Jinks where claimant denied having had any prior knee and leg injuries. Based on the medical records and the results of the defendant's investigation, defendant denied claimant's request for workers' compensation benefits on the ground that she made false statements or misrepresentations for the purpose of obtaining benefits. The record reflects that claimant obtained medical treatment for leg pain on the dates indicated by defendant. The record also discloses that claimant experienced an epileptic seizure within a week prior to the October 18,1993 and February 24, 1994 visits to the emergency room. Dr. Clinton Guillory, of North Monroe Hospital, treated claimant on her February visit and noted in his medical report that epileptic seizures could be the cause of claimant's leg pain. The report indicates that claimant could not remember injuring herself and could not give a cause for the pain that she was experiencing. There is no indication that claimant experienced swelling or discoloration in her legs during these visits.
On August 8, 1994, claimant was treated at the emergency room at North Monroe Hospital for leg pain. Dr. Louie Crook, Jr., the attending physician, noted that claimant had not experienced a seizure in four weeks. However, prior to that visit, claimant was hospitalized for approximately three and one-half weeks following an allergic reaction to a new medication that she was taking for seizures.
On June 29, 1994, plaintiff was raped and suffered injuries to her knees and legs. These injuries were not mentioned in the emergency room medical records during her visit following the rape. However, on August 16, 1994, plaintiff was examined at the Orthopaedic Clinic of Monroe by Dr. Cline. According to his report, claimant informed him that she had been raped, during which time she fell and injured both of her knees. Dr. Cline noted that claimant's knees were bruised and that she had swelling around the left knee. According to Dr. Cline, claimant was experiencing the expected amount of soreness following sprains and contusions of the legs and knees as a result of being raped.
In regard to the present injury, the medical reports indicate that there was swelling in the claimant's left leg, notably around her ankle. There is no indication that she experienced an epileptic seizure, or any other type of illness or trauma, during the time immediately preceding the accident. The record does not reflect any previous work-related injuries. Moreover, the record is devoid of any evidence which indicates that claimant had lingering leg or knee problems at the time of her work-related accident of August 1995.
During the trial, claimant was questioned concerning her failure to disclose prior injuries. Claimant testified that she understood the question concerning prior knee injuries to be in reference to work-related injuries and that she did not consider her prior injuries to be work-related injuries. She expressed that the rape is not an incident that she wants to "bring back up." Claimant stated that, as a result of being raped, she suffered mostly bruises and traumatic stress and that, since the incident, she takes medication for post-traumatic stress disorder. She also indicated that she did not suffer any *48 permanent injuries to her legs and knees as a result of the incident.
In order for a claimant to forfeit benefits, all three elements set forth in LSA-R.S. 23:1208 must be met. Claimant willfully made false statements regarding prior injuries. However, the claimant does not forfeit her right to recover compensation unless she made the statements specifically for the purpose of obtaining benefits.
The appropriate standard for appellate review of a workers' compensation judge's findings is the "manifest error clearly wrong" standard, which precludes the setting aside of a trial court's or jury's findings of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Alexander v. Pellerin Marble & Granite, 630 So.2d 706 (La.1994); Rosell v. ESCO, 549 So.2d 840 (La.1989).
In "Written Reasons for Judgment," the workers' compensation judge noted that the facts and issues presented must be liberally construed in favor of the workers' compensation claimant.[1] The judge heard the evidence and weighed the credibility of the witnesses. Apparently, the judge found claimant's testimony credible and accepted her explanation for the statements made during the investigation and found in the medical reports. After considering all of the facts surrounding the case, the trial court found that the claimant's failure to disclose information concerning prior leg and knee injuries and prior medical treatment was not a deliberate misrepresentation made for the purpose of obtaining workers' compensation benefits. After reviewing the record, we cannot say that the workers' compensation judge was clearly wrong in finding that the claimant did not violate the provisions of LSA-R.S. 23:1208, and therefore, was entitled to her workers' compensation benefits.
Claimant argues that the judge erred in denying penalties and attorney fees. LSA-R.S. 23:1201(F)(2) and 23:1201.2 allow for the imposition of penalties and attorney fees incurred in the prosecution and collection of a workers' compensation claim when an employer does not reasonably controvert a claim or arbitrarily, capriciously and without probable cause fails to pay a claim or discontinues payment of claims due and arising under the chapter. J.E. Merit Constructors, Inc. v. Butler, supra; Joiner v. Davison Transport, Inc., 28,880 (La.App.2d Cir. 1/22/97), 688 So.2d 623. That determination depends primarily upon the facts existing and known to the employer at the time the employer denies benefits. Joiner v. Davison Transport, Inc., supra. Statutes imposing liability for penalties and attorney fees are penal in nature and must be strictly construed to prevent an employer from being penalized for relying in good faith on valid defenses. Gagnard v. Venture Marketing Corp., 93-1655 (La.App. 3rd Cir. 10/5/94), 643 So.2d 460; J.E. Merit Constructors, Inc. v. Butler, supra. Whether the employer and/or insurer should be cast with penalties and attorney fees is a question of fact which should not be disturbed on appeal absent manifest error. Joiner v. Davis Transport, Inc., supra.
In the present case, the workers' compensation judge found that defendants had reasonably controverted the claim for workers' compensation benefits and medical expenses. Based on this finding, she denied plaintiff's request for penalties and attorney fees. After reviewing the claimant's previous medical *49 reports and claimant's conflicting responses during the employer's investigation, we agree with the trial court's conclusion that the defendant reasonably controverted the claim for workers' compensation benefits. Based on this record, we find no manifest error in the workers' compensation judge's decision to deny claimant's request for penalties and attorney fees.

CONCLUSION
For the foregoing reasons, we affirm the judgment. The costs of this appeal are assessed one-half to defendant, Bancroft Bag, Inc., and one-half to claimant, Tonya Harris.
AFFIRMED.
NOTES
[1] The defendant assigns as error the workers' compensation hearing officer's statement in her "Reasons for Judgment," that "[J]urisprudence has held that facts and issues must be liberally construed in favor of the workers' compensation claimant."

We are aware of the well-established principle that the worker's compensation laws should be liberally construed in favor of the claimant. (emphasis ours) Daugherty v. Domino's Pizza, 95-1394 (La.5/21/96), 674 So.2d 947; Pinkins v. Cardinal Wholesale Supply Inc., 619 So.2d 52 (La.1993), and cases cited therein. However, this court reviews judgments and not "Reasons for Judgment." Pine v. Doolittle, 28,141 (La. App.2d Cir. 6/26/96), 677 So.2d 686; Baumeister v. Plunkett, 27,185 (La.App.2d Cir. 8/23/95), 661 So.2d 510; Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991). Based on our review of this record, we do not find that the workers compensation judge's statement precluded her from making the credibility determinations necessary for a resolution of the issues presented. Therefore, this assignment lacks merit.