JDUFRESNE, Judge.
In this workers’ compensation case, the employee, Kenneth Session, has appealed from a judgment rendered in favor of the employers, Robin Services, Inc. and Magnolia School, Inc. For the reasons set forth herein, we reverse the judgment of the workers’ compensation judge.
On September 21, 1995, plaintiff, Kenneth Session, was employed by Robin Services, Inc., as an electrician helper, making approximately $5.50 per hour. On that date, he injured his right shoulder while working at a job site. In connection with this accident, Mr. Session sought medical treatment from Dr. Robert Shackleton, consisting of two surgeries on his shoulder as well as physical therapy. In early May of 1996, Dr. Shackleton released Mr. Session to return to work. It is undisputed that Mr. Session received workers’ compensation benefits from the time of this accident until May of 1996 when he was released to return to work.
Mr. Session attempted to return to his employment at Robin ^Services but was told that there were no positions available. He subsequently found employment at Magnolia School as a kitchen porter in May of 1996. After providing Magnolia School with a work release, he was allowed to begin his employment there on May 21, 1996. Almost immediately after beginning work at Magnolia School, Mr. Session started to experience pain in his neck and above his right shoulder, but thought it was associated with his previous shoulder injury. He went to see Dr. Shackleton on June 5, 1996 and was placed on a no work status. Following diagnostic testing, Dr. Shackleton advised Mr. Session that he had a ruptured disc in his neck and recommended surgery. Dr. Shackleton advised Mr. Session that this neck problem was separate from his prior injury and was attributable to the heavy lifting that he did during his employ at Magnolia School. In the course of his testimony, Mr. Session recalled a specific incident at Magnolia School where he was carrying a case of chicken, was unable to hold it anymore, and dropped it. When Mr. Session’s subsequent claim for workers’ compensation benefits was denied, he filed a disputed claim for compensation with the Office of Workers’ Compensation against both Robin Services and Magnolia School.
The matter proceeded to trial on October 3, 1997, and was thereafter taken under advisement. On March 19, 1998, the court rendered judgment in favor of Robin Services and Magnolia School and against plaintiff. The court found that Mr. Session’s alleged injury to his neck and/or shoulder during his employment with Magnolia School was unrelated to his prior injury while employed with Robin Services. However, the court then found that claimant forfeited his rights to any Louisiana Workers’ Compensation benefits by violating LSA-R.S. 23:1208. In her ^reasons for judgment, the court noted that “[cjlaimant by his repeated denial of the March incident and by his failure to report that incident to the doctors, wilfully misrepresented his claim to obtain benefits thereby forfeiting his right to compensation benefits of any type.” The plaintiff now appeals, arguing that the trial judge committed manifest error in finding that he forfeited his right to benefits.
LSA-R.S. 23:1208 A provides that “[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.” Paragraph E of this statute further provides that “[a]ny employee violating, this Section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this Chapter.”
In J.E. Merit Constructors, Inc. v. Butler, 97-361 (La.App. 5 Cir. 9/30/97), 700 So.2d 1111, this court stated as follows:
LSA-R.S. 23:1208 applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers’ compensation benefits and therefore generally becomes applicable at the time of an employee’s accident or claim. This broadly worded statute encompasses false state *1238 ments or misrepresentations made to anyone, including the employer, physicians or insurers, when made willfully or deliberately for the purpose of obtaining benefits. Resweber v. Haroil Const. Co., 94-2708 (La.9/5/95), 660 So.2d 7. In order to forfeit benefits, LSA-R.S. 23:1208 requires that 1) there is a false statement or representation, 2) it is willfully made, and 3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., supra; Sumner v. Lake Charles Marine, 96-280 (La.App. 3 Cir. 6/5/96), 676 So.2d 653, writ denied, 96-1772 (La.10/11/96), 680 So.2d 645.
In the present case, the trial judge based her decision that plaintiff forfeited his right to workers’ compensation benefits on the fact that Mr. ^Session failed to advise the doctors of an incident which occurred in March of 1996. Specifically, the evidence at trial showed that on March 10, 1996, Mr. Session was arrested and subsequently taken to Charity Hospital with complaints of shoulder pain which Mr. Session attributed to the handcuffs being placed on him. During his testimony, Mr. Session admitted that he did not tell Dr. Shackleton of this incident because he viewed it as an aggravation of his prior injury and the doctor was already well aware of the pain that he was having in his shoulder area.
We do not find that Mr. Session’s failure to report this incident to Dr. Shackleton violates the provisions of LSA-R.S. 23:1208. The incident where Mr. Session complained of shoulder pain occurred in March of 1996. He subsequently went to Dr. Shackleton in April of 1996, and in May of 1996, Mr. Session was released to return to work. He tried to return to his employment at Robin Services but was told there was no position available. He thereafter found a job at Magnolia School and almost immediately after working there he started to experience pain in his neck and above his right shoulder. While Mr. Session admittedly failed to report the March incident to his doctor, we do not find that it was a willful misrepresentation made for the purpose of obtaining worker’s compensation benefits.
In addition to Mr. Session’s failure to report this March incident, appellees also point out numerous other misrepresentations which would support the trial judge’s determination. We have reviewed these alleged misrepresentations and find that they do not constitute willful misrepresentations made for the purpose of obtaining workers’ compensation benefits.
fcBased on the foregoing discussion, we set aside the March 19, 1998 judgment disqualifying Mr. Session from benefits and remand the matter to the worker’s compensation court for further proceedings consistent with this opinion.

JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.