737 So.2d 856 (1999)
SUPREME RICE MILL, Plaintiff-Appellee,
v.
Carlton J. GUIDRY, Defendant-Appellant.
No. 98-1252.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1999.
Writ Denied May 28, 1999.
Wayland Hankins Vincent, Crowley, for appellee, Supreme Rice Mill.
Michael Benny Miller, Crowley, for appellant, Carlton J. Guidry.
Before DOUCET, C.J., and THIBODEAUX, and WOODARD, Judges.
WOODARD, Judge.
In this workers' compensation litigation, Mr. Carlton Jessie Guidry injured his back while in the course and scope of employment with Supreme Rice Mill (SRM). Pursuant to his injury, SRM paid him Temporary Total Disability benefits at the weekly rate of $213.97, starting in April of 1996. Simultaneously, Mr. Guidry started performing duties, on a volunteer basis, as *857 an auxiliary police officer with the Jennings Police Department (JPD). Pursuant to taking Mr. Guidry's deposition on February 12, 1998, SRM discovered Mr. Guidry's occupation and filed this suit to have his workers' compensation benefits terminated. Finding that Mr. Guidry violated La.R.S. 23:1208, the workers' compensation judge held that he had forfeited all rights to workers' compensation benefits, even those which accrued prior to the misrepresentation. We affirm in part, reverse in part, and remand.

FACTS
Mr. Guidry injured his back on December 1, 1994, while in the course and scope of his employment with SRM. Starting in January of 1995, he performed duties, on a volunteer basis, as an auxiliary police officer with JPD. Logs from JPD reflect entries coinciding with the performance of such duties for every month from January 14, 1995 to February of 1998, except for August, October, and December of 1997.
In his deposition taken on February 12, 1998, Mr. Guidry stated that he had not performed any such duty as an auxiliary police officer since the time of his injury at SRM. He asserted that although he was still attached to the JPD, he was currently listed as inactive. He admitted that he may have done a "few things" after the accident but that he had to stop because he could no longer perform his duties. When asked to specify what inactive meant, he responded: "When you're inactive, you don't do nothing."
SRM filed a disputed claim for compensation on February 19, 1997, and Mr. Guidry answered the petition on May 6, 1997. In a hearing held on April 27, 1998, when asked to explain the statements made in his February 12, deposition Mr. Guidry merely explained he was confused. The workers' compensation judge issued a judgment on May 4, 1998, wherein she found that Mr. Guidry had forfeited his rights to workers' compensation benefits under La.R.S. 23:1208. Mr. Guidry appeals.

LAW
Citing Resweber v. Haroil Const. Co., 94-2708 (La.9/5/95); 660 So.2d 7, the workers' compensation judge found that Mr. Guidry violated La.R.S. 23:1208(A) in that he committed a willful misrepresentation for the purpose of obtaining workers' compensation benefits. Finding no legal or manifest error, we affirm.
Furthermore, we find no merit in Mr. Guidry's contention that, because the La. R.S. 23:1208(E) forfeiture claim was not raised as an affirmative defense, as set forth in La.Code Civ.P. art. 1005, the workers' compensation judge erred in considering it. The law is well settled that when an affirmative defense was not pleaded, the pleadings may be enlarged by evidence bearing on the affirmative defense, adduced without objection, providing that the evidence is not pertinent to any other artfully pleaded issues. La. Code Civ.P. art. 1154. Hopkins v. American Cyanamid Co., 95-1088 (La.1/16/96); 666 So.2d 615; Harmon v. Simon, 624 So.2d 981 (La.App. 3 Cir.1993). In the case sub judice, Mr. Guidry's counsel did not object to the introduction of Mr. Guidry's in globo deposition or to the February 22, 1998, Jennings Daily News newspaper. Prior to the commencement of trial, he objected to the introduction of the police logs, arguing in essence that an adequate evidentiary foundation had not yet been established for its admission. Nevertheless, the objection was not renewed when the police logs were introduced during trial. Finally, he failed to object to Mr. Guidry's or Officer Claud Guillory's testimony pertaining to the La. R.S. 23:1208 affirmative defense.
Notwithstanding, we disagree with the workers' compensation judge's interpretation of La.R.S. 23:1208(E) regarding the intended meaning of the forfeiture of any right. Our reading of La.R.S. 23:1208(E) and 23:1208, as a whole, leads us to believe *858 that when the legislature spoke of a forfeiture of "any" right, it intended to provide for a forfeiture of the right to recover the unpaid benefits flowing from the misrepresentation, regardless of when they accrued. Consequently, Mr. Guidry forfeited any benefits which flowed from his misrepresentation on February 12, 1998 but not that which did not flow from the misrepresentation. In the instant case, Mr. Guidry asserts that he was entitled to back due workers' compensation benefits, as well as medical benefits, and penalties and attorney's fees. Accordingly, we remand this case to the trial court to make a determination whether Mr. Guidry was entitled to any such benefits which did not flow from the commission of the misrepresentation.

CONCLUSION
For the foregoing reasons, the workers' compensation judge's decision is affirmed in part, reversed in part, and remanded for further proceedings, consistent with this opinion. Costs of the appeal are assessed one-half to Mr. Guidry and one-half to Supreme Rice Mill.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.