hDENNIS R. BAGNERIS, SR., J.
The principal issue in this case is whether the Workers’ Compensation Judge (“WCJ”) manifestly erred by ordering claimant to forfeit his mileage benefits rather than all of his benefits, based upon a finding that claimant willfully misrepresented his mileage reimbursement claims. For the following reasons, we affirm.
Jack Duplessis, Sr. received workers’ compensation benefits as a result of a job accident that occurred while he was employed with the St. Bernard Police Jury. In connection with his workers’ compensation claim, Mr. Duplessis requested reim *480 bursement of 4,354 miles for mileage that he claimed he traveled for medical treatment. Following the submission of the mileage requests, defendants, St. Bernard Police Jury and Travelers Insurance Company, filed a petition requesting Mr. Du-plessis’ benefits be forfeited due to a violation of La. R.S. 23:1208.
The evidence at trial showed that Mr. Duplessis actually traveled 1,114.2 miles for the medical treatment. The WCJ found that Mr. Duplessis willfully submitted the exaggerated mileage reports. In his Reasons for Judgment, the WCJ I ¡..stated in pertinent part:
The Court found Claimant to be an incredible witness. This man had been a truck driver for the parish. This Court just does not believe that Claimant could not read an odometer. He has submitted mileage reports before. There was no indication that Claimant had recently moved. The Court believes that Claimant knew the mileage to the doctor’s office and the two pharmacies. Regardless of Claimant’s contentions to the contrary, the Court does not believe that all of the fault here lay with Claimant’s now deceased friend. Claimant signed the certification. This Claimant is not a workers’ compensation neophyte.
Regardless, this Court is not prepared to order the forfeiture of all of Claimant’s workers’ compensation benefits. The Court believes that remedy to be too harsh under the circumstances. It finds that the forfeiture of the requested mileage and referral to the Fraud Section to be sufficient.
On appeal, defendants argue that although the WCJ properly determined that Mr. Duplessis willfully and intentionally submitted false mileage statements in the expectation of being paid for same, he erred by failing to order forfeiture of all of Mr. Duplessis’ workers’ compensation benefits.
DISCUSSION
In a workers’ compensation case, the appellate court’s review is governed by the “manifest error/clearly wrong standard.” Bruno v. Harbert Intern. Inc., 593 So.2d 357, 361 (La.1992). Under this standard, “the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one.” Stobart v. State through Dept. of Transp. & Development, 617 So.2d 880, 882 (La.1993).
La. R.S. 23:1208 provides in part:
§ 1208. Misrepresentations concerning benefit payments; penalty
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * * *
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
The requirements for forfeiture of benefits under Section 1208 are: (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment under the workers’ compensation law. Resweber v. Haroil Const. Co., 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7, 14. Statutory forfeiture is a harsh remedy and must be strictly construed. Hernandez v. ESKCO, Inc. 2000-0174 p. 3 (La.App. 4 Cir. 11/15/00), 773 So.2d 865, 867 writ denied 2000-3430 (La.2/9/01), 785 So.2d 824 citing Benoit v. Frank’s Casing Crew, 97-1522 (La.App. 3 Cir. 5/20/98); 713 So.2d 762, *481 writ denied, 98-1697 (La.10/9/98), 726 So.2d 31.
In Chenault v. Storehouse Furniture, this court reversed a WCJ’s finding that an employee willfully misrepresented the number of miles he traveled to obtain medical treatment. 97-1242 (La.App. 4 Cir. 1/28/98), 706 So.2d 1060, 1061 writ denied, 98-0364 (La.3/27/98), 716 So.2d 889. Further, in dicta, this court addressed the issue of whether a claimant who exaggerates his mileage expenses should forfeit all of his workers’ compensation benefits. Id. at 1062. This court reasoned that:
[a]t most, Chenault’s [claimant] alleged misrepresentation may be considered as an attempt to obtain a reimbursement for expenses to which he was not entitled. The statement does not purport to further his claim for disability benefits under the workers’ compensation law.
Id. Accordingly, a claimant who willfully misrepresents his mileage expenses should not be disqualified from receiving disability benefits.
|/The Third Circuit recently addressed this issue in Ledet v. Burger King/Sydran, 99-1380 (La.App. 3 Cir.2000), 763 So.2d 27, writ denied 766 So.2d 546 (La.6/30/00). In Ledet, the court affirmed a WCJ’s finding that an employee committed a willful misrepresentation concerning mileage; however, the court reversed the WCJ’s finding that the employee forfeited all of his workers’ compensation benefits. Ledet, 763 So.2d at 29-30. In reversing that ruling, the court relied on Supreme Rice Mill v. Guidry, 98-1252 (La.App. 3 Cir. 3/10/99), 737 So.2d 856, writ denied, 99-961 (La.5/28/99), 743 So.2d 668, a case that “determined that when the legislature spoke of the forfeiture of ‘any’ right, it meant any right which flowed from the perpetrated misrepresentation.” Ledet, 763 So.2d at 30. Applying this reasoning, the court found that the right that flowed from Mr. Ledet’s misrepresentation of mileage was his reimbursement for mileage, and that Mr. Ledet’s “rights to other benefits are irrelevant as no misrepresentation was made regarding them, and they do not flow from his right to mileage reimbursement.” Id. Consequently, the court concluded that Mr. Ledet forfeited only his rights to mileage when he falsely represented his mileage reimbursement claims.
In this case, the WCJ believed that the forfeiture of all of Mr. Duplessis’ workers’ compensation benefits was too harsh under the circumstances. Based on the reasoning in Chenault and Ledet, we fail to find that the WCJ manifestly erred in failing to order forfeiture of all of Mr. Duplessis’ benefits.
For the foregoing reasons, the judgment of the workers’ compensation judge ordering Mr. Duplessis to forfeit all payments for the mileage benefits | ^claimed in the report, and ordering the matter to be referred to the Fraud Section of the Office of Worker’s Compensation Administration is affirmed.

AFFIRMED