836 So.2d 315 (2002)
Twanda BROWN
v.
KWOK WONG (Mandarin Seafood Restaurant) and Louisiana Restaurant Association Self Insurers Fund.
No. 2001 CA 2525.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
*317 William Ritzie, Jr. Baton Rouge, for Plaintiff/Appellee, Twanda Brown.
Douglas J. Cochran Michael McKay Baton Rouge, for Defendants/Appellants, Kwok Wong and Louisiana Restaurant Association Self Insurers Fund.
Before: CARTER, C.J., WHIPPLE and CIACCIO,[1] JJ.
WHIPPLE, J.
Defendants, Kwok Wong and Louisiana Restaurant Association Self Insurers Fund, appeal the OWC judgment, ordering that plaintiff, Twanda Brown, was entitled to, among other things, medical treatment for her back injury, an MRI, temporary total disability benefits until released by her treating physician and penalties and attorney's fees for defendants' failure to pay benefits due. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Twanda Brown was employed as a cook by Kwok Wong d/b/a Mandarin Restaurant. On January 3, 2000, she suffered a work-related accident when, after placing a pan of food on the buffet table, she slipped and fell, striking her back. Brown continued to work for the remainder of the day and also for the remainder of that week. However, on January 10, 2002, Brown requested and was granted permission from her employer to seek medical treatment for pain in her foot and ankle. She was treated at the Baton Rouge General Medical Center and released that day, with instructions that she could return to work provided she did not attempt any repeated bending, stooping or squatting.
The following week, on January 18, 2000, Brown was seen by Dr. Thad Broussard, an orthopedic surgeon who had previously treated Brown. Brown told the doctor that she had been injured at work and that as a result of the accident, she was suffering from ankle, knee and leg pain on the right side, as well as back pain. Dr. Broussard diagnosed her condition as an acute low back syndrome and an acute contusion and sprain to the right ankle, for which he prescribed physical therapy and pain medication. Dr. Broussard also restricted Brown from returning to work.
*318 When Brown returned to Dr. Broussard on January 31, 2000, Dr. Broussard concluded that Brown's condition was improving. Thus, he released her to return to work as of February 1, 2000. Although Brown attempted to return to work, she was unable to perform her work duties, due to continuing pain in her back. Thus, Brown returned to Dr. Broussard on March 1, 2000, again complaining of pain in her back. At that time, Dr. Broussard again restricted Brown from work and ordered an MRI of the back. However, authorization for payment for the MRI ordered by Dr. Broussard was denied by the Louisiana Restaurant Association Self-Insurers Fund, the workers' compensation insurer for Mandarin Seafood Restaurant.
Upon learning of the denial of authorization for the MRI, Dr. Broussard restricted Brown from work indefinitely, stating that he was unable to authorize Brown's release or return to work in the absence of this diagnostic test. Nonetheless, the Louisiana Restaurant Association Self-Insurers Fund unilaterally ceased paying Brown weekly indemnity benefits as of January 28, 2000, and refused to authorize any medical treatment for her back problems, contending that any back injury was unrelated to the work accident in question.
Accordingly, Brown filed a disputed claim for compensation, seeking authorization for further medical treatment, reinstatement of weekly indemnity benefits and penalties and attorney's fees. Following a hearing, the workers' compensation judge found that Brown's back injury was causally related to the work accident and, accordingly, that Brown was entitled to medical treatment for the back injury, including the MRI ordered by her treating physician. The workers' compensation judge further found that Brown was entitled to temporary total disability benefits until such time as her treating physician releases her to return to work.
With regard to penalties and attorney's fees, the workers' compensation judge found that there was "absolutely positively no reason" to controvert the back claim and that the insurer had been "totally unreasonable" in controverting the claim. Accordingly, the workers' compensation judge awarded Brown $2,000.00 in penalties and $5,000.00 in attorney's fees, pursuant to LSA-R.S. 23:1201(F).
From the OWC judgment setting forth these awards, defendants appeal, assigning the following as error:
(1) The workers' compensation judge erred in finding that Brown had satisfied her burden of proof that she was entitled to temporary total disability benefits; and
(2) The workers' compensation judge erred in awarding penalties and attorney's fees for the actions of defendants.

ENTITLEMENT TO TEMPORARY TOTAL DISABILITY BENEFITS

(Assignment of Error No. 1)
In this assignment of error, defendants contend that Brown failed to satisfy her burden of proof that she was entitled to temporary total disability benefits. Specifically, defendants argue that Brown failed to establish a causal relationship between her alleged back injury and the work accident, contending that she did not complain of back pain until two weeks after the accident, that she failed to report two prior automobile accidents to her treating physician, and that Dr. Broussard could not reasonably relate her back complaints to the work accident. Contending that Brown did not present any medical documentation relating her back pain to her work-related fall, defendants argue she failed to prove that she suffered a back *319 injury as a result of the accident or that she was entitled to temporary total disability benefits as a result of her alleged injuries.
An employee has the burden of establishing the occurrence of an accident and the causal relationship between the accident and the resulting disability by a preponderance of the evidence. Augustus v. St. Mary Parish School Board, 95-2498, p. 3 (La.App. 1st Cir.6/28/96), 676 So.2d 1144, 1149. The consequences of a work-related disability are not always fully apparent at the time the accident occurs. LeBlanc v. Cajun Painting, Inc., 94-1609, p. 10 (La.App. 1st Cir.4/7/95), 654 So.2d 800, 806-807, writs denied, 95-1706, 95-1655 (La.10/27/95), 661 So.2d 1349, 1350.
Nonetheless, where the employee seeks workers' compensation benefits on the basis that he or she is temporarily totally disabled, the employee bears the burden of proving such disability by clear and convincing evidence. LSA-R.S. 23:1221(1)(c). While the workers' compensation laws are to be construed liberally in favor of the employee, that interpretation cannot lessen the employee's burden. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277, 280 (La.1993).
An employee's testimony alone may be sufficient to discharge the burden of clearly and convincingly proving temporary total disability where two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the employee's version of the incident; and (2) the employee's testimony is corroborated by the circumstances following the alleged incident. Williams v. Ravare Masonry Co., XXXX-XXXXX, pp. 2-3 (La.App. 3rd Cir.10/4/00), 774 So.2d 254, 256, writ denied, XXXX-XXXX (La.3/30/01), 788 So.2d 1194. In determining whether a claimant has discharged her burden of proof, the trier of fact should accept as true a witness's uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of that testimony. A workers' compensation judge's determinations of whether an employee's testimony is credible and whether she has discharged her burden of proof are factual determinations which will not be disturbed upon review absent manifest error. Gordon v. Sandersons Farms, 96-1587, p. 9 (La.App. 1st Cir.5/9/97), 693 So.2d 1279, 1286.
In the instant case, Brown was examined one week after the work-related fall, at the emergency room of the Baton Rouge General Medical Center. At that time she complained of ankle pain and, as the defendants correctly note, she made no specific complaints of back pain.[2] However, when questioned by the workers' compensation judge as to why she did not voice any complaints of back pain at that time, Brown explained that she was primarily *320 concerned with the pain she was experiencing in her leg at that time.
However, when she saw Dr. Broussard the following week, only two weeks after the accident in question, she told him at that point that she was also experiencing back pain, which she related to the work accident. Based on Brown's continuing complaints of back pain following this first visit, his examination and diagnosis, and the history she gave in which she related the onset of her back pain to the work accident, Dr. Broussard eventually sought authorization to have an MRI performed so that he could diagnose and further treat any ongoing injury or disability to the back. The Louisiana Restaurant Association Self-Insurers Fund denied the requested diagnostic test on the basis that any back injury was not related to the accident in question and refused to authorize treatment by Dr. Broussard except for the ankle injury.[3]
On appeal, the defendants now argue that Brown failed to carry her burden of proof in establishing a causal link between the work accident and her alleged back injury because Dr. Broussard admitted he could not relate Brown's back problems to the work accident without the MRI and further evaluation. We find no merit to these arguments.
At the outset, we note that Brown's ability to present medical evidence in support of her burden of proof as to causation and extent of disability was stymied by defendants' arbitrary refusal to pay for medical examinations and treatment as required by law. See Bailey, 620 So.2d at 280. This refusal was arbitrary, not being based on a contrary medical opinion or advice, but simply on an adjuster's evaluation of the claim.[4]See Bailey, 620 So.2d at 281. Further, we note that employers and their insurers are statutorily responsible for furnishing the required medical evaluations and treatment necessary to establish whether or not the employee is disabled and entitled to compensation benefits. See LSA-R.S. 23:1121(A); Bourgeois v. Heritage Manor of Houma, 96-0135, p. 9 (La.App. 1st Cir.2/14/97), 691 So.2d 703, 710.
On review, we conclude that the workers' compensation judge's determination that Brown had satisfied her burden of proving that she was temporarily totally disabled is supported by the evidence of record. Brown's uncontradicted testimony establishes that shortly after the accident in question, she began experiencing back pain and that this pain prohibited her from performing her work duties. Brown's testimony regarding her ability to work was corroborated by the testimony of Wong, who testified that Brown was a good worker and that she tried to work following the accident, but clearly could only work "off and on."
Moreover, Dr. Broussard, Brown's treating physician since two weeks after the work accident and the only medical expert to testify herein, unequivocally stated that Brown had continuously complained of *321 back pain since her first visit with him and that she needed further evaluation and treatment of her back complaints, including an MRI, as a result of the accident. While Dr. Broussard was unable to render an opinion as to the precise nature and extent of her back injury due to the Insurers' refusal to authorize any treatment or evaluation of Brown's back injury, he did state that such an injury was consistent with the type of fall Brown suffered. Further, Dr. Broussard stated that he could not release her to return to work in the absence of further evaluation of her back problems.
Based on the medical and lay testimony in the record as a whole, and considering the absence of any counterveiling medical evidence, we find no error by the worker's compensation judge in concluding that Brown was entitled to an award of temporary total benefits. In our view, to hold otherwise would allow the defendants to improperly benefit from their arbitrary failure to furnish the required medical evaluations and treatment and would ignore the medical evidence, to date, establishing Brown is disabled and entitled to weekly benefits. Accordingly, we reject the defendants' arguments and affirm the portion of the judgment ordering further evaluation and treatment of Brown's back complaints, including authorization for an MRI, and the awarding temporary total disability benefits.

PENALTIES AND ATTORNEY'S FEES

(Assignment of Error No. 2)
In their second assignment of error, defendants contend that the workers' compensation judge erred in awarding penalties and attorney's fees pursuant to LSA-R.S. 23:1201(F) for their alleged failure to reasonably controvert Brown's claim for benefits and medical treatment for her alleged back injury.
Both penalties and attorney's fees are recoverable pursuant to LSA-R.S. 23:1201(F) if the employer or insurer fails to commence payments of benefits timely or to pay continued installments timely (or to pay medical benefits timely) unless the claim is reasonably controverted. However, where the employer or insurer arbitrarily discontinues payment of benefits due, the claim is governed by LSA-R.S. 23:1201.2, which authorizes attorney's fees only. Williams v. Rush Masonry, Inc., 98-2271, p. 8 (La.6/29/99), 737 So.2d 41, 45. In the instant case, the workers' compensation judge awarded penalties and attorney's fees pursuant to LSA-R.S. 23:1201(F), finding that indemnity benefits had been rightfully terminated regarding the foot and ankle injury, but were never timely instituted thereafter for the back injury. We find no error in this award.
As stated above, Brown complained of back pain as early as two weeks following the accident in question. Moreover, the reason initially given to Wong by the Louisiana Restaurant Association Self Insurers Fund for denial of any benefits for Brown's back complaints was simply that Brown had been involved in two prior motor vehicle accidents, despite the fact that Brown had apparently been released from her doctor's care following those accidents and undisputedly was working her normal hours with no difficulty prior to this accident.
At the hearing, in an attempt to justify their actions, the defendants presented an August 24, 1999 emergency room record from the Baton Rouge General Medical Center, indicating that Brown had been involved in a motor vehicle accident that day. Although the record indicates that Brown complained of pelvic and abdominal pain, there is no diagnosis listed on the *322 report. Defendants further sought to elicit testimony from Brown at trial that she continued to seek treatment following the September 12, 1999 accident through November of 1999. To this questioning, Brown responded that, while she could not remember the exact date through which she had received treatment for that accident, she had in fact been discharged prior to the accident in question and had been performing all of her work duties completely prior to the work accident. Moreover, the defendants did not attempt to introduce any other medical record from the alleged motor vehicle accidents (other than the August 24, 1999 emergency room record) to establish that Brown was still suffering from any problems, or more specifically, any back problems, as a result of those accidents.
Accordingly, we find no manifest error in the workers' compensation judge's conclusion herein that the defendants failed to reasonably controvert this claim. We likewise find no abuse of discretion in the award of $5,000.00 in attorney's fees.[5] This assignment of error lacks merit.

CONCLUSION
For the above and foregoing reasons, the March 13, 2001 judgment is affirmed in its entirety. Costs of this appeal are assessed against defendants, Kwok Wong and Louisiana Restaurant Association Self Insurers Fund.
AFFIRMED.
NOTES
[1] Judge Philip C. Ciaccio, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] On appeal, defendants contend that Brown's credibility was called into question because she allegedly complained of left ankle and leg pain on her initial visit to the emergency room, but thereafter always complained of right ankle pain. Upon reviewing the medical records from Baton Rouge General Medical Center, the workers' compensation judge found as a fact that an error had been made in the medical records. The workers' compensation judge noted that the handwritten notes indicate an "R" at one location on the report, referencing the right ankle as injured, while another handwritten notation was somewhat illegible as to whether it indicated an "R" or "L" in reference to the injured limb. Thus, she concluded that any reference on the report to the left ankle as injured was a mistake; therefore, she accorded no weight to this alleged discrepancy in Brown's medical history. Based upon our review of the hospital records, we cannot conclude that the workers' compensation judge was manifestly erroneous in this factual finding.
[3] The Louisiana Restaurant Association Self-Insurers Fund based its refusal on its conclusion that any back injury was related to two apparently minor automobile accidents in which Brown had been involved in August and September of 1999, despite having no medical evidence to link Brown's current back condition to either accident and despite the fact that Brown had been released from medical treatment and had been working without incident for at least two months before the work accident at issue in these proceedings.
[4] At the hearing in this matter, Wong testified that the adjuster handling Brown's claim told him the Fund would deny any back injury claim simply because Brown had been in the prior auto accidents.
[5] Although Brown has requested an additional award of attorney's fees for efforts performed in relation to this appeal, Brown has not appealed or answered the appeal. Accordingly, this relief may not be granted. LSA-C.C.P. art. 2133; Kibbe v. Lege, 604 So.2d 1366, 1373 (La.App. 3rd Cir.), writs denied, 606 So.2d 540, 541 (La.1992).