1 .GUIDRY, J.
In this workers’ compensation case, John D. Firmin appeals the Office of Workers’ Compensation’s (OWC) judgment in favor of St. Mary Parish School Board (School Board). For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
John D. Firmin worked for the School Board as a truck driver, a job he held since 1993. As part of his job, Mr. Firmin delivered food items to local schools. On March 12, 2001, Mr. Firmin filed a disputed claim form with the OWC, claiming that he was totally disabled as a result of work-related injuries occurring on August 10, 2000 and January 18, 2001. Mr. Firmin alleged that he injured his back on August 10, 2000, while unloading bales of flour. He further alleged that on January 18, 2001, he stepped out of a food service truck, whereupon he experienced back pain, which traveled down through his hip and into his leg.
At the trial held on November 14, 2001, only Mr. Firmin and his girlfriend testified as to the alleged accidents and his resulting injuries. Additionally, medical records of Mr. Firmin’s treating physicians were admitted into evidence. In a judgment signed on December 14, 2001, the workers’ compensation judge ruled in favor of the School Board, finding that Mr. Firmin failed to carry his burden of proving that he was injured as a result of a work-related accident on August 11, 2000 or a job accident on January 10 or 18, 2001, and dismissed Mr. Firmin’s claim with prejudice.[1]
ASSIGNMENTS OF ERROR
Mr. Firmin now appeals from this judgment and asserts the following assignments of error:
1. The workers’ compensation judge committed manifest error when he | .found that claimant failed to carry his burden in proving that he was injured as a result of a work-related accident on *1146 August 11, 2000 or a work-related accident on January 10 or 18, 2001.
2. The workers’ compensation judge erred when he dismissed claimant’s suit with prejudice.
LAW AND DISCUSSION
Whether a claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the workers’ compensation judge. Williams v. Wal-Mart Stores, Inc., 00-1347, p. 5 (La.App. 1st Cir.9/28/01), 809 So.2d 294, 298. Factual findings in a workers’ compensation case are subject to the manifest error standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. As such, in order for an appellate court to reverse a workers’ compensation judge’s factual findings, it must find from the record that a reasonable factual basis does not exist for the findings of the workers’ compensation judge and that the record establishes that the findings are clearly wrong. See Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Furthermore, when factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact’s findings; for only the fact finder can be aware of the variations in demeanor and tone that bear so heavily on the listener’s understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
In order for a claimant to be entitled to recover workers’ compensation benefits, he must prove, by a preponderance of the evidence, that a work-related accident occurred and that an injury was sustained. A claimant’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the | circumstances following the alleged incident. Williams v. Wal-Mart Stores, Inc., 00-1347 at 4, 809 So.2d at 298. Corroboration of the claimant’s testimony may be provided by the testimony of co-workers, spouses, friends, or by medical evidence. Murphy v. Brookshire Grocery Company, 02-808, p. 4 (La.App. 3rd Cir.12/11/02), 832 So.2d 1157, 1161. Barring circumstances that cast suspicion on the reliability of the claimant’s uncontradicted testimony, the trial court should accept the testimony as true when determining whether the claimant has discharged his burden. Brown v. Kwok Wong, 01-2525, p. 5 (La.App. 1st Cir.12/20/02), 836 So.2d 315, 319.
After careful review of the record, we find no manifest error in the workers’ compensation judge’s determination that Mr. Firmin failed to meet his burden of proving that he was injured as the result of a work-related injury. Additionally, Mr. Firmin’s testimony contained various inconsistencies, in particular as to the date of the alleged January 2001 injury and his ability to work following that injury. Also, the medical evidence showed that Mr. Fir-min, contrary to his own testimony and the testimony of his girlfriend, Wanda Kahl, had received treatment on several occasions for back and hip pain prior to August of 2000.
Further, the reports of Dr. Edison Ong, who treated Mr. Firmin on August 11, 2000, and Dr. Ricardo R. Leoni, Sr. who began treating Mr. Firmin on January 30, 2001, are inconsistent as to whether Mr. Firmin had a work accident. While Dr. Ong’s medical records do document that Mr. Firmin complained of back pain on August 11, 2000, they do not indicate that Mr. Firmin injured his back while at work, nor that he received any treatment or *1147 diagnosis of back pain on that date. Additionally, subsequent medical records from Dr. Ong do not show that Mr. Firmin sought or received treatment or diagnosis of back pain from August 11, 2000, to January 18, 2001, even though he had seen Dr. Ong on several occasions during this time frame for other unrelated conditions.
|kA1so, Dr. Leoni, in a March 8, 2001 report, indicated that he was unaware of any injury at work and that he was at a loss as to whether Mr. Firmin had a work accident, because Mr. Firmin did not mention it to him. However, Dr. Leoni later corrected this statement in a report dated April 5, 2001, relying on a notation made on the patient intake form stating that Mr. Firmin was injured while lifting flour. Dr. Leoni stated that he was not aware that Mr. Firmin was lifting flour at work, and based on that information, he now believed that Mr. Firmin’s injury was a workers’ compensation injury.
Despite the corrected statement of Dr. Leoni, the record evidences that Dr. Leoni did not see Mr. Firmin until sometime after the alleged January 2001 accident. Further, the only information Dr. Leoni had as to the nature of Mr. Firmin’s injury came from Mr. Firmin himself. As the record indicates, Mr. Firmin told Dr. Leo-ni that his pain started eight months ago and that he thought lifting flour caused it. Contrary to Mr. Firmin’s testimony at trial, the record does not show any direct mention to Dr. Leoni of the alleged January 18, 2001 accident.[2] As such, Dr. Leo-ni’s determination in his April 5, 2001, report, indicating that Mr. Firmiris injury was work-related, rested solely on the alleged August 11, 2000 injury. However, as outlined previously, the circumstances and medical records following the alleged August 2000 accident do not corroborate Mr. Firmiris contention.
Therefore, we find that it was reasonable for the workers’ compensation judge to find that the testimony of Mr. Firmin was unreliable and that neither the medical evidence presented nor the events following Mr. Firmiris alleged injury supported or corroborated Mr. Firmin’s claim of a work-related injury.
I ^CONCLUSION
For the foregoing reasons, we affirm the judgment of the OWC. All costs of this appeal are to be borne by the appellant, John D. Firmin.
AFFIRMED.

. The medical records indicate, and the parties and workers’ compensation judge acknowledged at the trial and on appeal, that the date of the alleged August 2000 injury was actually August 11, 2000.

. Additionally, the record does not show that any mention of a January 2001 accident, work-related or otherwise, was ever made to any of Mr. Firmiris other treating physicians.