897 So.2d 75 (2004)
Jeffrey MORAN
v.
G & G CONSTRUCTION.
No. 2003 CA 2447.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
Writ Denied February 25, 2005.
*78 Robert Faucheux, Jr., LaPlace, for Plaintiff/Appellee, Jeffrey Moran.
Stephen Brooks, Jr., Covington, for Defendant/Appellant, G & G Construction.
Before: WHIPPLE, FITZSIMMONS and DOWNING, JJ.
WHIPPLE, J.
In this workers' compensation dispute, defendant appeals the OWC judgment, reinstating indemnity benefits; ordering that claimant was entitled to medical treatment for his neck injury, including but not limited to surgery; and awarding penalties and attorney's fees for the discontinuation of benefits and for the failure to authorize further medical treatment. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Jeffrey Moran filed a disputed claim for compensation seeking reinstatement of weekly indemnity and medical benefits from G & G Construction ("G & G"), his employer at the time of his work-related injury. At the scheduled trial of this matter, for which G & G did not appear, the evidence presented established that on June 29, 2000, Moran fell from a ladder, striking his neck and shoulder on a piece of lumber and on the ground.[1] Another employee of G & G was present at the job site, heard the fall, and witnessed Moran's condition immediately thereafter. Moran was treated that day at the emergency room of Slidell Memorial Hospital and then began treatment with Dr. Brian Fong, an orthopedic surgeon. After diagnostic studies revealed a "huge" disc herniation at the C5-6 level, Dr. Fong performed an anterior cervical fusion at that level.[2]
Thereafter, by letter dated May 7, 2001, G & G offered Moran the modified position of utility worker, a job which it classified as medium-level work. G & G requested that Moran return to work in this modified position on May 21, 2001. Nonetheless, Moran, who continued to have complaints of pain and difficulty with physical activity, did not return to work. Thus, G & G terminated his weekly indemnity benefits effective May 25, 2001.
*79 After Moran's symptoms failed to improve, another cervical MRI was performed on February 28, 2002. This test revealed an "osteophyte lateralized to the left C5-C6 level, with encroachment upon left neural foramen and left lateral recess effacement of anterior thecal sac margins." Dr. Fond and Dr. Butler testified that the MRI significantly demonstrated that Moran's fusion been unsuccessful, i.e., it had developed into a "non-union." A myelogram and post-myelogram CT scan further revealed that Moran had osteophyte formation at the C5-6 level that was encroaching on the nerve root. Thus, additional surgery was recommended. However, as of the time of trial, Moran had not undergone the surgery due to G & G's refusal to authorize the surgery.
Following trial, the workers' compensation judge rendered judgment, finding that Moran continued to be temporarily totally disabled; reinstating indemnity benefits; ordering G & G to pay medical benefits, including surgery; and awarding penalties and attorney's fees.
G & G now appeals, listing six assignments of error.

CAUSATION

(Assignment of Error No. 1)
In its first assignment of error, G & G contends that the workers' compensation judge erred in finding that Moran's injuries were caused by the June 29, 2000 work-related accident. Specifically, G & G contends that because Moran is a smoker, the non-union of his cervical fusion at the C5-6 level must have been caused by his smoking rather than being a result of the accident at issue. We find no merit to this untenable argument and expressly find no manifest error in the workers' compensation judge's finding of causation.
An employee has the burden of establishing the occurrence of an accident, and the causal relationship between the accident, and the resulting disability by a preponderance of the evidence. Brown v. Kwok Wong, 2001-2525, p. 5 (La.App. 1st Cir.12/20/02), 836 So.2d 315, 319. A workers' compensation judge's determinations of whether an employee's testimony is credible and whether he has discharged his burden of proof are factual determinations which will not be disturbed upon review absent manifest error. Brown, 2001-2525 at pp. 5-6, 836 So.2d at 319.
Initially, we note that G & G cites no law for the proposition that if smoking was a cause of the non-union, then the non-union was not causally related to the accident and is not a covered condition. Indeed, we specifically reject such a notion. Rather, if the rupture was caused by the accident and Moran's condition did not heal because of some other condition he had, his condition would still constitute a covered claim. See generally Smith v. M. Randall Comeaux, D.D.S., 2003-250, p. 8 (La.App. 3rd Cir.10/22/03), 857 So.2d 1287, 1293. (Even if the claimant was predisposed to work injury because of pre-existing arthritis, this would not defeat his recovery of benefits).
Moreover, as stated above, the record before us establishes that as a result of a work-related accident, Moran suffered a large herniated disc at C5-6, which required fusion surgery, and which was unsuccessful. While there was testimony presented at trial to suggest that smoking may increase the risk of a non-union, the record is clear that non-union is a known risk of fusion surgery. Additionally, there was no testimony presented to establish that the failure of Moran's fusion was in fact the result of smoking. While Dr. Fong, who performed the fusion surgery, testified that smoking can increase the risk *80 of non-union. He further testified, however, that Moran had stopped smoking for a period of time after the fusion surgery and that x-rays of the site following surgery indicated that Moran's fusion appeared to be healing properly. Moreover, Dr. James Butler, an orthopedic surgeon who performed an independent medical examination on Moran, stated that he could not say with reasonable certainty that the cause of Moran's non-union was the fact that Moran was a smoker.
What is clear from the record is that as a result of the work accident at issue, Moran suffered a large herniated disc at C5-6 requiring fusion surgery and that the fusion was unsuccessful in that it developed into non-union, a known risk of this type of surgery. Accordingly, we find no manifest error in the workers' compensation judge's finding that Moran's present disability, i.e., the non-union of his cervical fusion, was causally related to the June 29, 2000 work accident. This argument lacks merit.

TEMPORARY TOTAL BENEFITS

(Assignment of Error No. 2)
In its second assignment of error, G & G contends that the workers' compensation judge committed manifest error in finding that Moran continued to be temporarily totally disabled and, thus, in reinstating temporary total disability benefits ("TTDs") retroactive to the date of termination of such benefits.
An employee seeking TTDs must prove by clear and convincing evidence that he is unable to engage in any gainful occupation, whether or not the same type of work he was engaged in at the time of injury. LSA-R.S. 23:1221(1)(c). In determining whether an employee has discharged his burden of proof, the workers' compensation judge should accept as true a witness' uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of that testimony. A workers' compensation judge's determinations of whether an employee's testimony is credible and whether he has discharged his burden of proof regarding his entitlement to TTDs are factual determinations which will not be disturbed upon review absent manifest error. Brown, 2001-2525 at pp. 5-6, 836 So.2d at 319.
The record before us establishes that while Dr. Fong initially released Moran to return to light duty work in early 2001, this release to return to work was prior to the discovery that Moran's fusion had developed into a non-union and that further surgery was required. Additionally, while the medical experts suggested that Moran may be able to perform sedentary work in his current condition, Moran testified at trial that he attempted, but was unable, to perform even sedentary work. On his own accord, Moran obtained a job with U-Count, a company that engages in telemarketing, where he worked four hours a day at minimum wage. Despite his efforts for a period of two weeks, Moran testified that he simply could not perform this work.
Moran further testified that the pain he currently experiences in his neck and shoulders is excruciating and that he still must take narcotic medication for his pain, which makes him feel groggy and renders him unable to think clearly.
Additionally, while the results of a functional capacity evaluation ("FCE") performed on Moran on April 26, 2001 suggested that Moran could perform medium level work, this FCE was also performed prior to the discovery of, and without consideration of, Moran's present condition of non-union of the C5-6 cervical fusion. Moreover, Susan Smith, an occupational *81 therapist, also performed an FCE on May 22, 2001. Following this FCE, Smith issued a report opining that Moran was unable to perform any work as of that time.[3]
Finally, it is clear from the record that Moran needs further surgery at this time to repair the non-union and to remove the osteophyte formation at the C5-6 level. Thus, considering the foregoing and the record as a whole, we are unable to conclude that the workers' compensation judge's finding that Moran continues to be temporarily totally disabled was manifestly erroneous. This argument also lacks merit.

PENALTIES AND ATTORNEY'S FEES

(Assignment of Error No. 3)
In its next assignment of error, G & G contends that the workers' compensation judge abused her discretion in awarding penalties and attorney's fees because this award was beyond the scope of relief requested by Moran. G & G further avers that such an award was inappropriate where G & G acted reasonably in terminating benefits.
In support of its assertion that the workers' compensation judge erred in awarding penalties and attorney's fees, G & G cites Hearing Rule 6201, which provides that only those issues listed in the pre-trial statements shall be litigated at trial, except by written order of the workers' compensation judge for good cause or by agreement of the parties.
Louisiana Revised Statute 23:1317(a) provides that "[t]he workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided" and that the workers' compensation judge "shall decide the merits of the controversy as equitably, summarily, and simply as may be." See Douglas v. Grey Wolf Drilling Company, 2003-515, p. 6 (La.App. 3rd Cir.11/5/03), 858 So.2d 830, 834-835. This statute reflects the legislature's intent, in compensation cases, to materially relax evidentiary and procedural rules and subordinate procedural considerations to the discovery of the truth and the protection of substantive rights. Douglas, 2003-515 at pp. 6-7, 858 So.2d at 835.
In the present case, the record developed at trial contained testimony and correspondence introduced as exhibits that established Moran's attempts at having benefits reinstated. In rendering an award of penalties and attorney's fees, the workers' compensation judge properly allowed the expansion of Moran's pretrial statement to include this claim, a ruling for which we find no abuse of discretion, especially given that the documentary evidence was either available to G & G or included in its own exhibits, which the workers' compensation judge allowed it to submit after trial despite its failure to appear at trial. See Douglas, 2003-515 at p. 7, 858 So.2d at 835.
Additionally, we find no manifest error in the workers' compensation judge's determination that penalties and attorney's fees were warranted herein. The workers' compensation judge awarded Moran $10,000.00 in attorney's fees and a $2,000.00 penalty for its arbitrary and capricious termination of weekly indemnity benefits together with its failure to authorize further surgery as recommended by *82 Drs. Fong, Butler and Bradley Bartholomew. See LSA-R.S. 23:1201(F) & (I).
Where an insurer or employer first receives a favorable medical report, but later receives information indicating the possibility of a continuing disability, it may not blindly rely on the earlier report to avoid attorney's fees. Killett v. Sanderson Farms, XXXX-XXXX, p. 11 (La.App. 1st Cir.5/10/02), 818 So.2d 853, 862. Rather, the employer has a continuing obligation to investigate and make every reasonable effort to assemble factual and medical information to ascertain whether a claim is compensable. Killett, XXXX-XXXX at p. 12, 818 So.2d at 863.
In the instant case, once G & G offered Moran a modified job position, it discontinued benefits and chose to ignore specific medical information that clearly established Moran's continued disability and the need for further medical treatment, including surgery. Accordingly, we find no manifest error in the workers' compensation judge's determination that penalties and attorney's fees were due.

REIMBURSEMENT OF TRAVEL EXPENSES

(Assignment of Error No. 4)
G & G further contends that the workers' compensation judge erred in awarding Moran mileage reimbursement for travel to and from medical facilities and pharmacies where Moran, who does not drive, did not indicate exactly how he got to those destinations. The employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage traveled by the employee in order to obtain medical services. LSA-R.S. 23:1203(D); Starnes v. Asplundh Tree Expert Company, 94-1647, p. 7 (La.App. 1st Cir.10/6/95), 670 So.2d 1242, 1247. Such mileage reimbursement is to be paid at the same rate per mile as established by the state of Louisiana for reimbursement of state employees for use of their personal vehicle on state business. LSA-R.S. 23:1203(D).
In the instant case, Moran submitted a list of dates and places he traveled to obtain medical services and prescriptions, along with a specification of the number of miles driven. We find no error in the workers' compensation judge's acceptance of this evidence as sufficient proof to recover travel expenses. See Spence v. Industrial N.D.T., 31,744, p. 8 (La.App. 2nd Cir.3/31/99), 731 So.2d 473, 478 (where mileage reimbursement was allowed where some trips were made in claimant's father's automobile), and Demery v. Dupree, 511 So.2d 1268, 1274 (La.App. 2nd Cir.), writ denied, 514 So.2d 456 (La.1987) (where recovery was not barred by the fact that claimant's brother provided some of the transportation).

ALLEGED MATERIAL MISREPRESENTATIONS

(Assignment of Error No. 5)
G & G also argues that the workers' compensation judge erred in rejecting its claim that Moran had forfeited his right to all workers' compensation benefits by allegedly making misrepresentations and false statements regarding prior accidents and injuries. Louisiana Revised Statute 23:1208 provides that any employee who, for the purpose of obtaining any benefit or payment of workers' compensation benefits, willfully makes a false statement or representation shall forfeit any right to compensation benefits. LSA-R.S. 23:1208(A) & (D). The requirements for forfeiture of benefits under Section 1208 are that: (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the *83 purpose of obtaining or defeating any benefit or payment. Issa v. LL & G Construction, Inc., XXXX-XXXX, pp. 7-8 (La.App. 1st Cir.3/28/03), 844 So.2d 912, 917, writ denied, XXXX-XXXX (La.10/31/03), 857 So.2d 480. Inadvertent or inconsequential false statements will not result in forfeiture. Chauvin v. Southern Technology & Services, Inc., XXXX-XXXX, p. 4 (La.App. 1st Cir.6/27/03), 858 So.2d 519, 523.
Statutory forfeiture of workers' compensation benefits is a harsh remedy and as such must be strictly construed. J.E. Merit Constructors, Inc. v. Smith, 2000-2324, p. 7 (La.App. 1st Cir.12/28/01), 806 So.2d 842, 846, writ denied, XXXX-XXXX (La.5/31/02), 817 So.2d 95. The issue of whether an employee forfeited his workers' compensation benefits by willfully making false statements in order to obtain benefits is one of fact, which is not to be reversed on appeal absent manifest error. J.E. Merit Constructors, Inc., 2000-2324 at p. 7, 806 So.2d at 846.
In the instant case, G & G contended that Moran had willfully failed to disclose the entirety of his prior history of injuries to several health care providers and had also willfully failed to disclose to two physicians that he was also being treated at Gulf Coast Pain Institute at the same time. G & G points to the number of prescription medications Moran was receiving during that time to support its assertion that Moran's failure to mention that he was being treated at the pain facility was willful.
However, after hearing the evidence presented at the trial in this matter, including Moran's deposition and trial testimony, the workers' compensation judge found as a fact that any alleged omissions by Moran were inadvertent, rather than being willfully made for the purpose of unlawfully obtaining benefits. We conclude that this finding is amply supported by the record and is not manifestly erroneous. This argument also lacks merit.

DENIAL OF MOTION FOR NEW TRIAL

(Assignment of Error No. 6)
In its final assignment of error, G & G contends that the judgment rendered below was clearly contrary to law and evidence, thus mandating a new trial. Pursuant to LSA-C.C.P. art. 1972, a motion for new trial shall be granted, upon contradictory motion of any party, when the verdict or judgment appears clearly contrary to the law and the evidence. In addition, a discretionary ground for a new trial is set forth in LSA-C.C.P. art. 1973, which authorizes the court to grant a new trial in any case if there is good ground for it. Guidry v. Millers Casualty Insurance Company, XXXX-XXXX, p. 4 (La.App. 1st Cir.6/21/02), 822 So.2d 675, 680. The court's discretion in ruling on a motion for new trial is great, and its decision will not be disturbed on appeal absent an abuse of that discretion.[4]Guidry, XXXX-XXXX at pp. 4-5, 822 So.2d at 680.
Considering our conclusion above that the workers' compensation judge was not manifestly erroneous in any of her findings, we likewise cannot conclude that the workers' compensation judge erred in denying G & G's motion for new trial. This argument also lacks merit.

*84 CONCLUSION
For the above and foregoing reasons, the July 31, 2003 judgment of the workers' compensation judge is affirmed. Costs of this appeal are assessed against appellant, G & G Construction.
AFFIRMED.
FITZSIMMONS, J., dissents in part and assigns reasons.
DOWNING, J., concurs and assigns reasons.
DOWNING, J., concurs with reasons.
While we agree with the majority opinion, we disagree with the assertion made in footnote three regarding review of the denial of a motion for a new trial and our consideration of the denial of the motion for a new trial. Further, while we respect the issues raised in the dissent, the trial court did not abuse its discretion in expanding the pleadings to consider penalties and attorney fees.
The established rule in this circuit is that the denial of a motion for new trial is an interlocutory and non-appealable judgment absent a showing of irreparable harm. Carpenter v. Hannan, 01-0467, p. 4 (La.App. 1 Cir. 3/28/02), 818 So.2d 226, 228, citing Morrison v. Dillard Department Stores, Inc., 99-2060, p. 2 (La.App. 1 Cir. 9/22/00), 769 So.2d 742, 744. Even so, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when it is clear from appellant's brief that the appeal was intended to be on the merits. Carpenter, 01-0467 p. 4, 818 So.2d at 228-229.
Here, there has been no showing of irreparable harm in that G & G does have an adequate remedy through appealing to this court for review and G & G is appealing the final judgment entered herein. Therefore, the sixth assignment of error was moot and should not have been reviewed.
Regarding the pleading expansion, LSA-C.C.P. art. 1154 authorizes liberal amendment to conform to evidence admitted at trial. Even where an objection is lodged, "If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits."
Here, there was no objection, let alone a showing of prejudice. And clearly the merits of the action were subserved by the consideration of the penalties and attorney fees together with the other trial issues.
Accordingly, the trial court did not err in considering the issues of penalty and attorney fees.
FITZSIMMONS, J., dissents in part and assigns reasons.
FITZSIMMONS, Judge, dissenting, in part, with reasons.
I respectfully dissent, in part, from that portion of the majority's decision that affirms the award of penalties and attorney fees to the claimant, Jeffrey Moran. As is pointed out by his employer, G & G Construction, the claimant's entitlement to reasonable attorney fees for alleged arbitrary and capricious discontinuance of temporary total disability benefits, or for prosecution and collection of his claim for benefits, was never included as an issue to be addressed by the workers' compensation court. The workers' compensation judge awarded attorney fees and penalties *85 sua sponte, notwithstanding the failure of the claimant to affirmatively plead them or raise them as an issue at trial. As such, there was no evidence, or even an assertion on behalf of the claimant for attorney fees or penalties.
In Supreme Rice Mill v. Guidry, XXXX-XXXX, p. 2 (La.App. 3 Cir. 3/10/99), 737 So.2d 856, 857, writ denied, XXXX-XXXX (La.5/28/99), 743 So.2d 668, the third circuit held that the workers' compensation judge did not err in finding that the claimant violated La. R.S. 23:1208 A, even though the employer did not raise that issue in pleadings. The court noted that it is "well settled that when an affirmative defense was not pleaded, the pleadings may be enlarged by evidence bearing on the affirmative defense, adduced without objection, providing that the evidence is not pertinent to any other artfully pleaded issues. La. C.C.P. art. 1154. Hopkins v. American Cyanamid Co., 95-1088 (La.1/16/96), 666 So.2d 615 [.]" Such a circumstance of an enlargement of the pleadings during a trial to which there is no objection is readily distinguishable from an ex post facto enlargement of the pleadings by the court after a trial.
Although workers' compensation cases are not bound by the technical rules of evidence or procedures other than specifically provided, it is important to observe that Section 6201 of the Hearing Rules of the Office of Workers' Compensation states: "Only those issues listed in the pretrial statement shall be litigated at trial. No new issues shall be raised except by written order of the judge for good cause or upon mutual agreement of the parties." In the instant claim, the worker's compensation pre-trial conference order additionally expressly limited the issues to those listed in the pre-trial statement.
For the foregoing reasons, it is respectfully submitted that the court abused its discretion when it inferentially awarded penalties and attorney fees without either claim ever having been asserted prior to, or during, the hearing. In all other respects, I concur in the decision.
NOTES
[1] At the beginning of trial, the workers' compensation judge noted that no one was present representing G & G. The judge further noted that after a previous joint motion for a continuance, the matter had been reset for this date by telephone status conference in which both parties participated. During the course of the trial, the workers' compensation judge spoke with counsel for G & G and left the record open to allow G & G the opportunity to submit its exhibits.
[2] A cervical spine MRI, performed on August 7, 2000, revealed a left paracentral disc protrusion narrowing the left neural foramen and indenting the anterior left lateral side of the thecal sac at C5-C6.
[3] In her later deposition testimony, Smith explained that Moran's ability to meet physical demands of any work was extremely limited, in addition to the fact that Moran had only a ninth grade education, no GED and no work experience other than as a roofer.
[4] Although an interlocutory judgment, such as a denial of a motion for new trial, is not generally appealable, it is subject to review by an appellate court when an appealable judgment is rendered in the same case. Bailey v. Robert V. Neuhoff Limited Partnership, 95-0616, pp. 3-4 (La.App. 1st Cir.11/9/95), 665 So.2d 16, 18, writ denied, 95-2962 (La.2/9/96), 667 So.2d 534.